IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UCB, INC. and CELLTECH MANUFACTURING CA, INC., ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | C.A. No. 08-223 (JJF) |
| KV PHARMACEUTICAL COMPANY, ) ) ) | |
| Defendant. ) | |

**DEFENDANT KV PHARMACEUTICAL
COMPANY'S ANSWER AND COUNTERCLAIM**

Defendant KV Pharmaceutical Company ("KV") by way of Answer to the Complaint and Counterclaim against UCB, Inc. and Celltech Manufacturing CA, Inc. (collectively "UCB"), states:

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

4. Admitted.

5. The allegation of this paragraph states a legal conclusion to which no response is required. To the extent that a response is required, defendant states that it will not contest subject matter jurisdiction in this district for the purposes of this case.

6.  The allegation of this paragraph states a legal conclusion to which no response is required. To the extent that a response is required, defendant admits that it is incorporated in Delaware. However, defendant states that it will not contest personal jurisdiction in this district for the purposes of this case.

7.  The allegation of this paragraph states a legal conclusion to which no response is required. However, defendant states that it will not contest venue in this district for the purposes of this case.

8.  Defendant restates and incorporates by reference its answers to paragraphs 1 through 7 fully set forth herein.

9.  Defendant admits that the '215 patent is entitled "Methylphenidate Modified Release Formulations." Defendant admits that on the face of the '215 patent the issued date is February 5, 2002. Defendant also admits that a copy of the '215 patent was attached to the complaint as Exhibit A. Otherwise denied.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

11. Defendant admits that the Orange Book lists UCB as the holder of an approved NDA for a methylphenidate hydrochloride formulation. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

12. Defendant admits that the FDA's Orange Book lists UCB as the holder of an approved NDA for a methylphenidate hydrochloride formulation. Defendant is without

- 3 -

knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

13.    Defendant admits that it submitted ANDA No. 90-117 to obtain approval to engage in commercial manufacture and sale of specified methylphenidate hydrochloride extended release capsules 40 mg, 50 mg, and 60 mg in the United States prior to expiration of the '215 patent. Otherwise denied.

14.    Defendant admits that with its ANDA it submitted a paragraph IV certification to obtain approval to engage in commercial manufacture and sale of methylphenidate hydrochloride extended release capsules 40 mg in the United States. Otherwise denied.

15.    Denied.

16.    Denied.

17.    Denied.

18.    Denied.

19.    Denied.

20.    Denied.

### AFFIRMATIVE DEFENSES

21.    The commercial manufacture, sale, offer for sale, and use of KV's specified methylphenidate hydrochloride extended release capsules 40 mg, 50 mg, and 60 mg as described in ANDA No. 90-117 will not infringe any valid claim of the '215 patent.

22.    The claims of the '215 patent are invalid under at least one or more of 35 U.S.C. §§ 102, 103, and 112.

RLF1-3288201-1

23.     The Federal Food, Drug, and Cosmetic Act requires, *inter alia*, that the new drug applicant identify to the FDA the patent number and the expiration date of any patent with respect to which a claim of patent infringement could reasonably be asserted if a person not licensed by the owner engaged in the manufacture use, or sale of the drug. *See* 21 U.S.C. § 355(b) and (c). Patents that are so identified are listed in "Approved Drug Products with Therapeutic Equivalence Evaluations," commonly known as the "Orange Book." The '215 patent is listed in the Orange Book for Metadate CD at the 10, 20, 30, and 40 mg dosage strengths. The '215 patent is not listed in the Orange Book for Metadate CD for either the 50 or 60 mg dosage strengths. By virtue of the position that plaintiffs have taken with respect to the '215 patent as concerns the 50 and 60mg dosage strengths, they are estopped from asserting claims of infringement of the '215 patent against KV's methylphenidate hydrochloride extended release capsules at the 50 mg or 60 mg dosage strength.

24.     The Complaint fails to state a claim upon which relief can be granted.

### COUNTERCLAIM FOR DECLARATORY JUDGMENT

Defendant KV Pharmaceutical Company ("KV"), by way of counterclaim against plaintiffs UCB, Inc. and Celltech Manufacturing CA, Inc. (collectively "UCB"), alleges and states:

25.     This counterclaim arises under the patent laws of the United States. The court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, and 2201-2202. UCB is subject to personal jurisdiction, and venue is proper, in this judicial district.

26.     UCB alleges it holds marketing approval for Metadate CD from the FDA and markets this product in this judicial district and throughout the United States.

27.     KV is the holder of pending ANDA No. 90-117, which is directed to specified methylphenidate hydrochloride extended release capsules 40 mg, 50 mg, and 60 mg, and has been accepted by the FDA for review.

28.     UCB has already sued KV for allegedly infringing the '215 patent. Accordingly, there is an actual case and controversy between KV and UCB as to the validity and infringement of the '215 patent.

29.     ANDA No. 90-117 describes formulations of methylphenidate hydrochloride extended release capsules at 40 mg, 50 mg, and 60 mg dosage strengths.

30.     The only independent claim of the '215 patent recites in part "modified release methylphenidate hydrochloride capsule comprising immediate release (IR) and extended release (ER) methylphenidate-containing beads wherein the immediate release beads are present in an amount of about 20 to 40 percent and the extended release beads are present in an amount of about 60 to 80 percent and the total amount of methylphenidate hydrochloride present is about 10 to 40 mg . . . ."

31.     The Federal Food, Drug, and Cosmetic Act requires, *inter alia*, that the new drug applicant identify to the FDA the patent number and the expiration date of any patent with respect to which a claim of patent infringement could reasonably be asserted if a person not licensed by the owner engaged in the manufacture use, or sale of the drug. *See* 21 U.S.C. § 355(b) and (c). Patents that are so identified are listed in "Approved Drug Products with Therapeutic Equivalence Evaluations," commonly known as the "Orange Book."

32.     The '215 patent is listed in the Orange Book for Metadate CD at the 10, 20, 30, and 40 mg dosage strengths.

- 6 -

33.     The '215 patent is not listed in the Orange Book for Metadate CD for either the 50 or 60 mg dosage strengths.

34.     Upon information and belief—given the requirement that an NDA holder identify patents with respect to which a claim of patent infringement could reasonably be asserted if a person not licensed by the owner engaged in the manufacture use, or sale of the drug—the reason the '215 patent is not listed in the Orange Book for Metadate CD at the 50 mg dosage strength is that UCB determined that no claim of infringement of the '215 patent could reasonably be asserted with respect to a 50 mg dosage strength of methylphenidate hydrochloride extended release capsules.

35.     Upon information and belief—given the requirement that an NDA holder identify patents with respect to which a claim of patent infringement could reasonably be asserted if a person not licensed by the owner engaged in the manufacture use, or sale of the drug—the reason the '215 patent is not listed in the Orange Book for Metadate CD at the 60 mg dosage strength is that UCB determined that no claim of infringement of the '215 patent could reasonably be asserted with respect to a 60 mg dosage strength of methylphenidate hydrochloride extended release capsules.

36.     No claim of infringement of the '215 patent could reasonably be asserted with respect to a 50 mg dosage strength of methylphenidate hydrochloride extended release capsules.

37.     No claim of infringement of the '215 patent could reasonably be asserted with respect to a 60 mg dosage strength of methylphenidate hydrochloride extended release capsules.

38. The commercial manufacture, use, sale, or offer for sale of methylphenidate hydrochloride extended release capsules at the 40 mg dosage strength described in ANDA 90-117 will not infringe any valid claim of the '215 patent.

39. The commercial manufacture, use, sale, or offer for sale of methylphenidate hydrochloride extended release capsules at the 50 mg dosage strength described in ANDA 90-117 will not infringe any valid claim of the '215 patent.

40. The commercial manufacture, use, sale, or offer for sale of methylphenidate hydrochloride extended release capsules at the 60 mg dosage strength described in ANDA 90-117 will not infringe any valid claim of the '215 patent.

41. The claims of the '215 patent are invalid.

42. After UCB received the notice identified in paragraph 14 of its complaint, it did not undertake an investigation of the details of KV's proposed methylphenidate hydrochloride extended release capsules.

43. Because UCB lacked any good faith basis to commence this action, undertook no investigation of KV's proposed product before commencing this action, and on the face of the '215 patent had no basis to assert claims of infringement with respect to the 50 mg and 60 mg dosage strengths of KV's proposed methylphenidate hydrochloride extended release capsules, this case is exceptional and KV is entitled, *inter alia*, to attorneys fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, defendant KV Pharmaceutical Company demands judgment against UCB on the Complaint, and demands judgment against UCB on the Counterclaim, for:

a. dismissal with prejudice of the Complaint;

b. a declaration that the commercial manufacture, use, sale, or offer for sale of the products that are the subject of ANDA 90-117 will not infringe any valid claim of the '215 patent;

c. a declaration that the claims of the '215 patent are invalid;

d. a permanent injunction against UCB, its successors-in-interest, agents, representatives, and attorneys asserting or otherwise seeking to enforce the '215 patent against KV Pharmaceutical Company, its successors-in-interest, or any of its customers, dealers or suppliers, or any prospective or present sellers, dealers, distributors or customers;

e. a finding that this case is exceptional under 35 U.S.C. § 285, and an award of attorney fees and costs; and

f. such other and further relief as may be appropriate.

*Of counsel:*

Richard L. DeLucia
Charles A. Weiss
Robert F. Vroom
KENYON & KENYON LLP
One Broadway
New York, NY 10004
(212) 425-7200

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Chad M. Shandler (#3796)
shandler@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square, P.O. Box 551
Wilmington, DE 19801
(302) 651-7700

Dated: May 30, 2008

*Attorneys for Defendant
KV Pharmaceutical Company*

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2008, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following and which has also been served as noted:

**BY HAND**

Karen Jacobs Louden
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

I hereby certify that on May 30, 2008, I sent the foregoing document by Federal Express, to the following non-registered participants:

Robert L. Baechtold
Scott K. Reed
Ha Kung Wong
Fitzpatrick, Cella, Harper & Scinto
30 Rockefeller Plaza
New York, NY 10112

_____
Chad M. Shandler (#3796)
shander@rlf.com