# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

September 3, 2008

Jack B. Blumenfeld
302 351 9291
302 425 3012 Fax
jblumenfeld@mnat.com

The Honorable Joseph J. Farnan, Jr.                    *VIA ELECTRONIC FILING*
United States District Court
   For the District of Delaware
844 North King Street
Wilmington, DE 19801

    Re:    *UCB, Inc. and Celltech Manufacturing CA, Inc. v. KV Pharmaceutical Company*
           C.A. No. 08-223 (JJF)

Dear Judge Farnan:

      In anticipation of the Scheduling Conference set for tomorrow at 10:30 a.m., we attach a joint proposed Scheduling Order for the Court's consideration. Where the parties have not been able to agree, the differences are set forth in brackets or in a chart within the scheduling order. The parties' respective statements regarding the discovery schedule are set forth below.

Plaintiffs' Statement Regarding the Discovery Schedule

      The parties agree that discovery should be staged to allow first for the exchange of contention interrogatories, initial identification of fact witnesses and completion of document production. The parties further agree that *Markman* submissions and a *Markman* Hearing should then proceed simultaneously with the commencement of fact depositions and completion of fact discovery.

      Plaintiffs believe that fact discovery in this case will be extensive and complicated. Plaintiffs need until April 3, 2009 to complete document production because (1) the volume of documentary evidence will be large, likely several hundred thousand pages and (2) many of the documents are archived at foreign off-site locations in Europe. Although Plaintiffs will commence their document production well in advance of April 3 and produce documents on a rolling basis, they believe it is unrealistic to expect to complete their production earlier (*i.e.*, by Defendant's proposed January 20, 2009 date) in light of these circumstances. Moreover, Defendant's proposed January 20, 2009 cut-off date is not feasible due to the likely absence of personnel to assist in document production, especially in Europe, around the Christmas and New Year holidays.

      Plaintiffs also believe that after the completion of document production, the parties should have five months (until September, 2009) to complete fact depositions and

The Honorable Joseph J. Farnan, Jr.
September 3, 2008
Page 2

*Markman* submissions. The parties will need sufficient time to review the anticipated large volume of documents to be produced before engaging in meaningful deposition practice. Moreover, a number of potential fact witnesses are located overseas. Given that the parties are in agreement that the identification and exchange of contentions on claim construction issues, *Markman* briefing and a *Markman* Hearing, if necessary, should occur during the fact deposition stage, Plaintiffs believe that realistically it will take five months to complete the review of documents and all fact depositions (as many as 20), and complete the *Markman* submissions. It is simply unrealistic to believe that all of these tasks can be completed in less than two months, as Defendant proposes (*i.e.*, completion of fact discovery by March 10, 2007 and *Markman* Hearing on March 17, 2009).

Defendant's Statement Regarding the Discovery Schedule

The differences between the parties' proposed dates arise primarily from a disagreement over when trial should commence. KV believes that this matter, which was brought in April 2008 as an ANDA case alleging infringement of U.S. Patent No. 6,344,215, should be ready for trial no later than November 2009. Conversely, plaintiffs prefer that the trial be pushed off until July 2010, which in Defendant's view unnecessarily delays these proceedings particularly when one considers that plaintiffs' claims and KV's counterclaims will not be tried to a jury.

KV's proposal allows for document production to be completed about nine months after the initiation of the present suit, depositions to be completed eleven months after the filing of the complaint and for trial to occur about nineteen months post-filing. KV believes that these deadlines provide the parties with more than sufficient time to prepare their respective cases for trial given the nature of the claims at issue.

Respectfully,

/s/ Jack B. Blumenfeld

Jack B. Blumenfeld

JBB/dlb
Enclosure
cc:     Clerk of Court (Via Hand Delivery)
        Frederick L. Cottrell, III, Esquire (Via Electronic Mail)
        Chad M. Shandler, Esquire (Via Electronic Mail)
        Vincent J. Rubino, Esquire (Via Electronic Mail)
        Richard L. DeLucia, Esquire (Via Electronic Mail)
        Charles A. Weiss, Esquire (Via Electronic Mail)
        Robert F. Vroom, Esquire (Via Electronic Mail)
        Scott K. Reed, Esquire (Via Electronic Mail)
        Steven C. Kline, Esquire (Via Electronic Mail)
        Ha Kung Wong, Esquire (Via Electronic Mail)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UCB, INC. AND CELLTECH MANUFACTURING CA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> KV PHARMACEUTICAL COMPANY, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No. 08-223 (JJF) <br> ) <br> ) <br> ) <br> ) <br> ) |

## RULE 16 SCHEDULING ORDER

The parties having satisfied their obligations under Fed. R. Civ. P. 26(f),

IT IS ORDERED that:

The following schedule shall apply to this action. While the parties have worked together to agree on the majority of issues set forth in this schedule and as required by Fed. R. Civ. P. 26(f), some disagreements remain. The parties set forth below their respective proposed schedules and positions on these issues.

1. **Pre-Discovery Disclosures.** The parties will exchange by September 12, 2008, the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.1.

2. **Joinder of other Parties.** All motions to join other parties shall be filed on or before [plaintiffs propose February 8, 2009; defendant proposes January 13, 2009].

3. **Settlement Conference.** Pursuant to 28 U.S.C. §636, this matter is referred to Magistrate Judge Stark for the purposes of exploring the possibility of a settlement. If the parties agree that they would benefit from a settlement conference, the parties shall contact the Magistrate Judge to schedule a settlement conference so as to be completed no later than the Pretrial Conference or a date ordered by the Court.

4. **Discovery**

The parties agree on the following events as set forth in paragraphs 4(b), 4(c), 4(d) and 4(e) of the Court's form scheduling order.

(i) Maximum of 25 interrogatories, including subparts and contention interrogatories, for each side.

(ii) Maximum of 50 requests for admission by each side.

(iii) Maximum of ten (10) depositions by plaintiffs and ten (10) by defendants, excluding expert depositions. Depositions shall not commence until the discovery required by Paragraph 4 (a, b and c) is completed.

(iv) Reports from retained experts required by Fed. R. Civ. P. 26(a)(2) are due from the party with the burden of proof on the issue the expert is offered thirty (30) days after the issuance of the Court's Markman decision. Responsive expert reports are due sixty (60) days after the issuance of the Court's Markman decision.

The parties were unable to reach agreement on dates for the events set forth in paragraphs 4(a) and 4(f) of the Court's form scheduling order and for the completion of fact and expert discovery. Accordingly, the parties' respective proposed schedules are as follows:

| Event | Plaintiffs' Proposal | Defendant's Proposal |
|---|---|---|
| Exchange and completion of contention interrogatories, exchange of initial identification of fact witnesses and completion of document production | April 3, 2009 | January 20, 2009 |
| Completion of fact discovery | September 4, 2009 | March 10, 2009 |
| Reply Expert reports | 75 days after Markman decision | None needed |
| Expert Discovery Ends | 105 days after Markman decision | 90 days after Markman decision |

5.   **Non-Case Dispositive Motions.**

(a)   Any non-case dispositive motion, along with an Opening Brief, shall be filed with a Notice of Motion. The Notice of Motion shall indicate the date on which the movant seeks to have the motion heard. The hearing date selected shall allow time for filing of the motion, allow for briefing in accordance with the Federal and Local Rules, and shall permit all briefing to be filed no later than 12:00 noon the Friday before the motion day on which it is to be heard. Available motion dates will be posted on the Court's website at: http://www.ded.uscourts.gov/JJFmain.htm.

(b)   At the motion hearing, each side will be allocated ten (10) minutes to argue and respond to questions from the Court.

(c)   Upon filing of the Notice of Motion, a copy of said Notice shall be sent to Chambers by-email at: jjf_civil@ded.uscourts.gov.

6.   **Amendment of the Pleadings.** All motions to amend the pleadings shall be filed on or before [plaintiffs propose February 8, 2009; defendant proposes March 10, 2009].

7.   **Case Dispositive Motions.** Any case dispositive motions, pursuant to the Federal Rules of Civil Procedure, shall be served and filed with an opening brief on or before 30 days after the close of expert discovery. Briefing shall be pursuant to D. Del. LR 7.1.2. No case dispositive motion may be filed more than ten (10) days from the above date without leave of the Court. The parties shall follow the Court's procedures for summary judgment motions which is available on the Court's website at: http://www.ded.uscourts.gov/JJFmain.htm.

8.   **Markman.** The parties were unable to reach agreement on dates for the timing of the identification and exchange of contentions on claim construction issues, a briefing

schedule and a Markman Hearing, if necessary. Accordingly, the parties respective proposed schedules are as follows:

| Event | Plaintiffs' Proposal | Defendant's Proposal |
|---|---|---|
| Claim Construction Issue Identification | March 6, 2009 | January 9, 2009 |
| Joint claim construction statement | June 12, 2009 | January 20, 2009 |
| Filing of simultaneous Opening claim construction briefs | July 10, 2009 | February 3, 2009 |
| Filing of simultaneous Response claim construction briefs | August 7, 2009 | February 24, 2009 |
| Markman hearing | September 2009 | March 17, 2009 |

9. **Applications by Motion.**

(a) Any applications to the Court shall be by written motion filed with the Clerk of the Court in compliance with the Federal Rules of Civil Procedure and the Local Rules of Civil Practice for the United States District Court for the District of Delaware (Amended Effective June 30, 2007). Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1 and be made in accordance with the Court's February 1, 2008 Order on procedures for filing non-dispositive motions in patent cases. Briefs shall be limited to no more than ten (10) pages. Parties may file stipulated and unopposed Orders with the Clerk of the Court for the Court's review and signing. The Court will not consider applications and requests submitted by letter or in a form other than a motion.

(b) No facsimile transmissions will be accepted.

(c) No telephone calls shall be made to Chambers.

(d) Any party with a true emergency matter requiring the assistance of the Court shall e-mail Chambers at: jjf_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency.

10. **Pretrial Conference and Trial.** After reviewing the parties' Proposed Scheduling Order, the Court will schedule a Pretrial Conference.

**Plaintiffs' proposal: Leave to Court's discretion.**

**Defendant's proposal: Pretrial Conference on September 17, 2009 and trial commences on November 16, 2009.**

The Court will determine whether the trial date should be scheduled when the Scheduling Order is entered or at the Pretrial Conference. If scheduling of the trial date is deferred until the Pretrial Conference, the parties and counsel shall anticipate and prepare for a trial to be held within sixty (60) to ninety (90) days of the Pretrial Conference.

_____  _____
DATE                              UNITED STATES DISTRICT JUDGE